UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAL LUCKY WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4871** |
| **WARDEN N. BURL CAIN** | **SECTION "I"(1)** |

## TRANSFER ORDER

Petitioner, LACAL LUCKY WILSON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2005 state court conviction and sentence. To support his challenge, petitioner asserts that he was denied effective assistance of counsel because "my public offender was suppose[d] to object to the judge and jury ruling but failed to do so." (Rec. Doc. No. 1, Petition). He also seeks "immediate medical release due to his poor health."[1] Id.

---

[1] Wilson has filed a separate § 1983 complaint in this Court challenging the medical and mental health care he is receiving in the Louisiana State Penitentiary. C.A. 13-4869 "I"(5). To the extent he is challenging the conditions of his confinement, those claims are properly raised pursuant to 42 U.S.C. § 1983.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Lacal Lucky Wilson v. N. Burl Cain,</u> Civil Action 10-161 "I"(1).[2] In that petition, petitioner raised the following grounds for relief:

1) He received ineffective assistance in that his attorney failed to (a) file a pretrial motion to suppress a "suggestive show-up identification" of Wilson as the perpetrator; (b) challenge through cross-examination inconsistencies in the testimony of the State's witnesses concerning the perpetrator's description; and (c) raise Wilson's long-term mental history of schizophrenia that renders him incompetent to understand the proceedings against him;

2) His guilty plea in Case No. 193586-C was unconstitutionally obtained in that (a) the applicable state law two-year statute of limitations had expired; (b) he was incompetent to enter the guilty plea in 1996, based upon an August 31, 1995 commitment to the state forensic facility and (c) his counsel was ineffective in permitting him to plead guilty to a defective bill of information and in permitting use of that defective guilty plea in the habitual offender adjudication.

That petition was dismissed with prejudice on the merits by Judgment entered May 20, 2011. Petitioner appealed the judgment. His application for a certificate of appealability was denied. <u>Lacal Lucky Wilson v. Burl Cain</u>, No. 11-30667 (5th Cir., Nov. 29, 2011).

Petitioner recently filed another petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Lacal Lucky Wilson v. N. Burl Cain,</u> Civil Action 13-0033 "I"(1). In that petition, he asserted that he received ineffective assistance of counsel on post-conviction relief and that the two year statute of limitations was violated in connection with his arrest in 1994 for simple burglary. Finally, he claimed counsel was ineffective for failing to challenge the State's identification procedures. This petition was transferred as a motion for authorization to proceed

---

[2] Wilson has filed numerous prior petitions for habeas corpus relief. However, many of those petitions were filed before the 2005 conviction at issue in this case. Two prior petitions relating to the 2005 conviction at issue here were dismissed without prejudice for failure to exhaust his state court remedies. C.A. 07-3715 "I"(6) and C.A. 06-2517 "I"(6).

2

with a successive petition to the United States Fifth Circuit Court of Appeals. The Court of Appeals denied authorization to proceed. (Rec. Doc. No. 7, In re: Lacal Lucky Wilson, 13-30145 (5th Cir. 2013)). The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that LACAL LUCKY WILSON 's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court

to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_ day of _____July_____, 2013.

_____
UNITED STATES DISTRICT JUDGE